UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JUDITH N. HARMON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:08-cv-003-WTL-JMS |
| ) | |
| ROBERT M. GATES, Secretary, ) | |
|   Department of Defense, ) | |
| ) | |
| Defendant. ) | |

# E N T R Y

This action for discrimination and for a hostile work environment concluded through the entry of summary judgment in favor of the defendant Secretary of the Department of Defense. The Secretary filed his Motion for Bill of Costs, seeking to recover costs of $973.00, including $919.20 associated with the plaintiff's deposition and $53.80 associated with the costs of providing copies of the Secretary's briefs and exhibits to the plaintiff.

The plaintiff has objected to the motion for bill of costs, mistakenly stating that the entire claim represents the deposition cost. This objection could be understood as the plaintiff's objection to the entire amount claimed or to just the portion associated with the cost of her deposition. It does not matter, however, so the court proceeds to treat her objection as to the recovery of any costs claimed by the Secretary.

The Secretary was the prevailing party in this action. The significance of this, in relation to the recovery of costs, is this:

> Federal Rule of Civil Procedure 54(d) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). Section 1920 of the Judiciary Act plainly states those costs which are recoverable; it includes court reporter fees associated with obtaining transcripts, printing and photocopying fees, clerk fees, and fees associated with obtaining witnesses. 28 U.S.C. § 1920 . . . . Moreover, there is a strong presumption that costs will be awarded to the prevailing party. *Weeks v. Samsung Heavy Industries Co., Ltd.,* 126 F.3d 926, 945 (7th Cir. 1997).

*U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009).

Under 28 U.S.C. § 1920, a prevailing party may recover (1) fees of the clerk and marshal, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and interpreters.

In assessing a bill of costs, the court must determine whether the costs are allowable and, if so, whether they are both reasonable and necessary. *Republic Tobacco Co. v. North Atlantic Trading Co.,* 481 F.3d 442, 447 (7th Cir. 2007). Plaintiff bears the burden of affirmatively showing that the Secretary is not entitled to costs in this case. *Rivera v. City of Chicago,* 469 F.3d 631, 636 (7th Cir. 2006).

The costs for which the Secretary seeks recovery in this case are among those allowable under § 1920 and the amounts are in each instance reasonable and necessary. The Court of Appeals has "recognized only two exceptional circumstances to overcome the presumption that a prevailing party should get costs:  (1) when he or she has engaged in some misconduct or other action worthy of penalty or (2) when the losing party is indigent. *Smith v. DeBartoli,* 769 F.2d 451, 453 (7th Cir. 1985) (citing *Burroughs v. Hills,* 741 F.2d 1525, 1542 (7th Cir. 1984) (Flaum, J., concurring), *cert. denied,* 105 S. Ct. 2321 (1985)). Even this latter factor is not an impediment to the normal process, moreover, so long as the process does not render the non-prevailing party destitute. *McGill v. Faulkner*, 18 F.3d 456 (7th Cir.), *cert. denied*, 115 S. Ct. 233 (1994). Subject to that proviso, therefore, the costs of this action are awarded to the Secretary and assessed against the plaintiff, and the plaintiff's objection to the taxing of those costs against her is **overruled.**

**IT IS SO ORDERED.**

Date: 11/18/2009

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov

Judith N. Harmon
4750 Mindy Drive
Indianapolis, IN 46235